GEORGE H. SNELGROVE, RESPONDENT, *v.* RACHEL EARL, APPELLANT, LINCK, MORSE ET AL., DE-FENDANTS.

1. *Negligence in Executing Mortgage—Mortgage—Mistake—Misrepresentations by Third Party.*

> Where one signs a mortgage without reading it, if he has the opportunity to do so, or, if he cannot read, without asking to have it read to him, or declining to have the instrument read or explained to him by one who offers to do so, on the assurance of a third party that the instrument is all right, he cannot avoid the legal effect of his signature as against the original payee, who was guilty of no fraud or deception in its execution, and of no negligence, so as to be responsible for the mistake, or as against an innocent purchaser, by setting up that the paper was different from what he supposed it was, and that the statements of a third party, upon which he relied, were false.

2. *Findings—When Not Necessary.*

> It is not error to fail to make a finding upon defendant's case, or set up his answer, when an affirmative finding in the plaintiff's case is wholly inconsistent with the truth of the case set up by defendant. In other words, where the plaintiff's case is supported by the findings, which are such as to be wholly inconsistent with the truth of the defendant's case, the conclusive establishment of the truth of the former is necessarily a complete negative of the truth of the latter.

(No. 920.    Decided June 14, 1898.)

Appeal from district court, Salt Lake county; Ogden Hiles, *Judge.*

Action by George H. Snelgrove against Rachel Earl and others. Judgment for plaintiff, and defendant Rachel Earl appeals. *Affirmed.*

17 UTAH—21

*Williams, Van Cott & Sutherland,* for appellant:

If these facts had been found upon, it would necessarily have appeared affirmatively that appellant was not negligent; that she used due care and that a person of ordinary prudence would not have taken any greater precautions than she took.   The case should be reversed, because the affirmative and material issues were not found upon; the law to this effect is well settled.   *Knight* v. *Roche,* 56 Cal. 15; *Brown* v. *Burbank,* 59 Cal. 535; *DuPrat* v. *James,* 61 Cal. 361; *Speegle* v. *Leese,* 51 Cal. 415; *Dowd* v. *Clarke,* 51 Cal. 262; 2 Cal. Dig. (Deering) 1291 (2).

There are defences to a promissory note which are admissable between parties to the same which are not admissable as against a holder in due course, and weight is given to this consideration in the determination of cases. 1 Dan. Nego. Ins. secs. 177, 769, 769a; *White* v. *Wilson,* 39 A. D. 438; *Whitney* v. *Snyder,* 2 Lans. (N. Y.) 478; *Lewis* v. *Clay,* Q. B. Div., reported in Chicago Legal News, Feb. 19, 1898, page 211.

*Rawlins & Critchlow,* for respondent.

MINER, J.:

This action was brought to foreclose a mortgage given to secure payment of a note executed by defendant Rachel Earl.   The note was dated July 1, 1891, and the mortgage was dated July 6, 1891.   It does not appear that any objection was made concerning the execution of the note. The mortgage covered a piece of land 3x10 rods and another piece 4½x10 rods, owned by defendant.   At the time of the execution of the mortgage, the defendant and her husband, H. W. Earl, were severally indebted to the respondent in an amount equal to the sum secured by the

mortgage, and the respondent desired security therefor on the premises in question. The note and mortgage were received in evidence without objection. Thereupon the defendant, among other things, offered to prove that, at the time the mortgage was executed, H. W. Earl, husband to the defendant, and in whom she had confidence, and with whom she was on friendly terms, was indebted to plaintiff, and that defendant was also indebted to the plaintiff upon notes held by him; that H. W. Earl agreed to give plaintiff security on said premises to secure such indebtedness; that thereupon said H. W. Earl represented to defendant that the note and mortgage sued upon was an incumbrance upon real estate of said H. W. Earl, and defendant was solicited to sign the same, in order to transfer any inchoate right of dower; that, relying upon the truth of such statements and the integrity of her said husband, she executed the same; that at the time, but before such mortgage was executed, one J. H. Hurd, the attorney for the plaintiff, attempted to explain to her what the paper was for, but that her said husband interrupted the explanation and stated to said attorney that the matter had been thoroughly explained and was understood by appellant; that in truth said Earl had previously stated to appellant that certain papers were to be brought for her execution, which constituted a lien on land owned by him; that she was unacquainted with business, and had she read the mortgage before execution, she would not have known that it covered her property; that she first learned that said mortgage covered her land about four years thereafter, and therefore had not commenced an action to cancel the same; that some time after said mortgage was executed her said husband inquired of her if she was willing to sign a mortgage for his benefit on said premises, and she informed him that she was willing to

sign a mortgage for his benefit, but not for his creditors, and that under no consideration would she sign a mortgage on $2\frac{1}{2}$x10 rods, which constituted her home (this being part of the $4\frac{1}{2}$x10 rods covered by the mortgage); that she had been willing, if required, to sign a mortgage covering said 3x10 rods, and upon all of the $4\frac{1}{2}$x10 rods, except $2\frac{1}{2}$x10 thereof, covered by her home; that plaintiff or his attorney did not in any way attempt to deceive or practice any fraud upon her or upon any one, nor was plaintiff negligent in any way so as to be responsible for the mistake; that the mortgage was given as a renewal and an extension of indebtedness, consisting of former notes, "some of which defendant was on, and some of which H. W. Earl was on." Some of said notes, for which the mortgage was given, the appellant was absolutely bound to pay. The offer made substantially embraced the allegations contained in the answer. Thereupon the plaintiff moved for judgment. After consideration, the court held that the facts offered did not constitute a defense to the action. Among other things, the court found that the defendant made, executed, and delivered the note to plaintiff, and, to secure the payment of the same, freely, voluntarily, and with full notice and knowledge, and means of knowledge, made, executed, and delivered to plaintiff, who is the lawful owner and holder thereof, the mortgage in question, whereby she conveyed, by way of mortgage, the premises described therein to the plaintiff. A decree for foreclosure, etc., was duly entered. Thereafter appellant moved for a new trail, based upon the insufficiency of the evidence to justify the decision of the court, upon the failure of the court to find upon the issues presented in the answer, and that the decision was against law. The motion was overruled, and defendant appealed from the judgment to this court.

The appellant's contentions are that the trial court erred in failing to make an express finding as to certain defenses and affirmative issues set up in the answer heretofore set out, which are alleged to have constituted new matter in avoidance of the mortgage declared upon by the defendant, and in failing to find upon the question of the defendant's negligence in executing the same. The court found upon all the material issues contained in the complaint, and also found that the defendant made, executed, and delivered the note in question to the plaintiff, and, to secure the payment thereof, she freely, voluntarily, and with full notice and knowledge, and means of knowledge, made, executed, and delivered to the plaintiff, who was the legal owner and holder thereof the mortgage, conveying, by way of mortgage, the premises described therein to the plaintiff. No evidence was given by defendant in support of her claim. The offered evidence was rejected. No objections appear to have been made to the proper execution of the note which the mortgage was afterwards given to secure, nor is it claimed that any mistake or fraud was practiced by the plaintiff to secure defendant's signature thereto. It also appears that no objection was raised until about four years after the mortgage was executed. As a general rule, when, upon the trial of a cause, the court renders its decision without making findings upon all the material issues presented by the pleadings, it is held that such decision may be reviewed, and, if prejudicial, the judgment may be set aside. This rule is applicable, however, only in cases where the issue upon which there is no finding is material, or where the findings upon the neglected issues would have the effect to destroy the other findings. If the findings made are such as to dispose of the issues which are sufficient to uphold the judgment, it is not error or against law to omit

to make findings upon other issues, which, if they were made, would not invalidate the judgment. So it is held that, "if the issue presented by the answer is such that a finding upon it in favor of the defendant would not defeat the plaintiff's right of action, a failure to make such finding is immaterial." *Prison* v. *Prison*, 90 Cal. 323. In *Haarstick* .v. *Fox*, 9 Utah, 110, where a similar question was presented, this court said: "It is contended that the court erred in failing to find facts on the question of fraud set up in the answer. The court found, separately and specifically, that the contract set up in the complaint was sustained by the evidence. This finding necessarily negatives the fraud as alleged, and is sufficient to sustain the judgment." On appeal of that case to the supreme court of the United States, that court expressly affirmed the decision of this court upon that question. After considering the whole case, the court said: "So far from discovering manifest error in that ruling, we concur with the supreme court of the territory of Utah in their disposition of the question. * * * In other words, the plaintiff's affirmative case is wholly inconsistent with the truth of the defendant's case, and the conclusive establishment of the truth of the former is necessarily a complete negative of the case asserted by the defendant." *Fox* v. *Haarstick*, 156 U. S. 674–679; *Haarstick* v. *Fox*, 9 Utah 110–123; *Prison* v. *Prison*, 90 Cal. 823; *Maxfield* v. *West*, 6 Utah 327; *Spencer* v. *Van Cott*, 2 Utah 337; *Maynard* v. *Association*, 16 Utah 145; *Kisling* v. *Shaw*, 33 Cal. 425; *Malone* v. *Del Norte Co.*, 77 Cal. 217; *Diefendorff* v. *Hopkins*, 95 Cal. 343; *Himmelman* v. *Henry*, 84 Cal. 104.

The plaintiff's affirmative case, as shown by the record and findings, is wholly inconsistent with the truth of the defendant's case, and the conclusive establishment of the truth of the former is necessarily a complete negative of

the case cited by the defendant. We are of the opinion that the findings were sufficient to cover the issues raised upon this record on this appeal, both with reference to the inferential allegations of want of negligence and other alleged defenses set up in the answer. Defendant claimed that the proof offered by the appellant, which was rejected by the court, tended to show want of negligence on the part of the defendant in the execution of the mortgage, and that the court committed an error in practically finding and adjudging defendant guilty of negligence in the execution of the mortgage, but without making an explicit finding thereon. It appears that appellant and her husband were severally indebted to the plaintiff in the sum of $4,000 upon notes executed by them in severalty; that the notes in question were given in renewal of such notes; that the husband desired to secure the plaintiff therefor upon the property in question, and the respondent desired such security. Appellant's husband had previously advised her that papers would be presented for her signature to convey her inchoate right of dower in his lots. She signed a note of $4,000, dated July 1, 1891. The mortgage dated July 7th was presented to her for execution, by the attorney for the plaintiff, at her house, who voluntarily attempted to explain to her the purpose of the papers, but his explanation to her was interrupted by her husband, who stated that the matter had been thoroughly explained and understood by appellant. Thereupon, without asking to have the paper read or explained to her, or without reading it herself, or asking any questions concerning it, she executed, acknowledged, and delivered it to the plaintiff. It is admitted that neither the plaintiff nor his attorney attempted to deceive or practice any fraud upon appellant or any one else, and that plaintiff was not negligent in any way, so

as to be responsible for the mistake. The appellant was a married woman of at least ordinary intelligence, and sufficiently accustomed to business as to be able to read and write, borrow money, give notes, own real estate, and object to become obligated to pay her husband's indebtedness; yet individually and alone she signed the notes given in cancellation and extension of her own and her husband's former indebtedness, without questioning, and, when the plaintiff's attorney voluntarily attempts to express to her the nature of the writing she was asked to sign, she passively permits her husband to stop him, and, with the presumed assurance that she understood the paper without reading it or asking to have it read, signs and delivers it to the plaintiff.

In 1 Daniel, Neg. Inst. § 849, it is said: "If a party who can read will not read a deed put before him for execution, or if, being unable to read, will not demand to have it read and explained to him, he is guilty of supine negligence, which, I take it, is not the subject of protection, either in equity or in law, and ordinarily, in the absence of any device to put the party off his guard, an omission to read the instrument, by one having the capacity to do so, will render him liable and put him beyond the protection of the law, although he is assured he is signing a paper of a different kind from what it really is."

In Herman on Estoppel and Res Adjudicata (volume 2, § 1004) it is said: "Where the means of knowledge of the alleged fraud is equally open to both parties, the law will not interfere to protect the negligent. If the truth or falsehood of the representation might have been tested by ordinary diligence and attention, it is the party's own folly if he neglects to do so, and he is remediless. Were the rule otherwise, written contracts would be of little

practical value over those existing in parol only. Where a man negligently signs a note, negotiable by the law merchant, he cannot defend against it in the hands of a bona fide holder, and one who does sign a note without reading it is guilty of negligence. The same principle applies where a party signs a deed, supposing it to be a lease, without reading it. A party who acts so negligently that he assists in occasioning the loss cannot recover."

The authorities are in confusion upon many questions involving liability for negligence in cases of this character, but many of the decisions are based upon statutes affecting such liability. In cases involving the question here presented, however, the decisions are practically uniform. The general rule, under the circumstances presented in this case, is that, where one signs a negotiable instrument without reading it, if he has opportunity to do so, or, if he cannot read, without asking to have it read to him, or declining to have the instrument read or explained to him by one who offers to do so, on the assurance of a third party that the instrument is all right, he cannot avoid the legal effect of his signature as against the original payee, who was guilty of no fraud or deception in its execution, and of no negligence, so as to be responsible for the mistake, or as against any innocent purchaser, for value, before maturity, by setting up that the paper was different from what he supposed it was, and that statements of a third party upon which he relied were false. A contrary rule would render negotiable instruments, written contracts, and conveyances under seal of little practical value over those existing in parol. In such a case the maker cannot be excused if he be negligent. I Daniel, Neg. Inst. § 850; 2 Herm. Estop. §§ 1004, 1005; *Bedell* v. *Herring*, 77 Cal. 572, and cases cited; Id.,

11 Am. St. Rep. 307, and notes from pages 317 to 323; *Willard* v. *Nelson,* (Neb.) 37 Am. St. Rep. 455, and note pages 457–460 (s. c. 53 N. W. 572); *Williams* v. *Stoll,* 41 Am. Rep. 607, and note; *Douglass* v. *Matting,* 29 Iowa 498.

The record discloses the affirmative findings of the trial court, which justify and fully warrant the conclusions of law based upon them, that the plaintiff was entitled to recover, and are a sufficient answer to the assertion that the appellant was not negligent, by the finding that appellant freely, voluntarily, and with full notice and knowledge, and means of knowledge, made, executed, and delivered to the plaintiff the note and mortgage in question. The plaintiff's affirmative case was wholly inconsistent with the truth of the defendant's case, and the conclusive establishment of the truth of the former is necessarily a complete negative of the case asserted by the defendant. We find no error in the record. The judgment and decision of the trial court is affirmed, with costs.

ZANE, C. J., and BARTCH, J., concur.