## HUGHES v. PAYNE.

Mistake which may be corrected by reformation must be mutual, and the reformation can only be made as to such matters as the parties at the time of execution of the instrument mutually intended to put into the writing and by reason of mistake, accident, or oversight failed to insert therein.

Where a vendee made a payment on the purchase price and wrote out a receipt to the effect that the · vendor had received a sum of money in part payment on a certain description of land, the vendee was not entitled to reformation of the receipt, so that it would include all the terms of the oral contract of sale, on the ground of mistake, where there was no evidence to show that the vendor intended to sign any other instrument than the receipt as it was at the time he signed it, and plaintiff''s testimony showed that he did not include the terms because he had not had sufficient experience in such line of business.

Suits to reform instruments are predicated on the proposition that the court cannot make such a contract as the parties ought to have made or would have made if better informed, but the court merely makes the contract what the parties intended at the time of execution.

(Opinion filed, March 1, 1911.)

Appeal from Circuit Court, Walworth County. Hon. LYMAN T. BOUCHER, Judge.

Action by E. C. Hughes against W. H. Payne. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

*J. H. Perry* and *Charles M. Stevens,* for appellant. *Taubman & Williamson,* for respondent.

McCOY, J. In this case plaintiff claimed that on the 5th day of April, 1906, he agreed to purchase and the defendant agreed to sell to him the S. E. ¼ of section 30, township 124, range 79, in

Walworth county, at the agreed price of $12 per acre; that $300 of the purchase price was paid down in cash, and it was further agreed that the balance of the purchase price was to be paid in about a week, when the deed to the land was to be delivered to plaintiff. The only writing that took place between these parties in such transaction was the following instrument: "Java, S. D., April 5, 1906. Received of E. C. Hughes three hundred dollars ($300.00) in part payment on S. E. quarter, section 30, T. 124-79, in Walworth county, S. D. W. H. Payne." Plaintiff instituted this action to reform the above instrument so that it would include all the terms of the foregoing oral contract, claiming that plaintiff when he wrote said receipt had, by mistake, omitted the terms of the sale therefrom, and then asked for specific performance of said contract as so reformed. Defendant, among other defenses, made a general denial of all the allegations of the complaint. On the trial plaintiff testified "that all the terms and conditions of the purchase and sale of this real estate are not included in this receipt. They were not included for the reason that it was a mistake on my part, not having experience in this line of business, to put it in." Among others the court made the following findings: "That the evidence in this case is insufficient to establish a prima facie case on behalf of plaintiff for the specific performance of the contract set out in the complaint; that there was no mistake of fact or of law or fraud connected with the transaction; that plaintiff carelessly neglected to have the contract between defendant and himself, or memorandum thereof, reduced to writing, with the exception of the receipt." Judgment on the findings was rendered in favor of defendant. Plaintiff appeals, raising the correctness of these findings, contending, in effect, that these findings are against the law and the evidence. We are of the opinion that the findings and judgment are right.

It is not every mistake in connection with the drawing of a contract that may be reformed. It is elementary, in the absence of fraud, that the mistake which may be corrected by legal reformation must be mutual between the parties, and the reformation can only be made as to such matters as the parties, at the time of

the execution of the instrument, mutually intended to put into the writing, and by reason of mistake, accident, or oversight failed to insert therein. There is an entire absence of evidence in this case tending to show that W. H. Payne ever intended to sign any instrument other than the receipt in its condition as it actually was at the time he signed the same. There was no mistake on the part of Payne. Plaintiff's testimony is that the mistake was on his part. There is an entire lack of testimony tending to show that plaintiff himself, at the time he drew this receipt, intended to include therein any words or terms or conditions other than those actually appearing therein. The plaintiff himself does not testify that he intended to write or insert the full terms of the oral agreement into this receipt, and that it was by reason of accident or oversight on his part, such terms and conditions did not appear therein, but on the contrary, he testified that the mistake occurred on account of his inexperience in that line of business. There is no evidence in this case tending to show that either party at the time of the execution of this writing intended that the same should be anything other than simply a receipt for the payment of money. There is no testimony that either party at that time intended that this written receipt should embody the full and complete terms of the oral agreement. It is possibly true, however, that plaintiff may have made a mistake, as a business proposition, in not including the full terms of the sale in the receipt, and that he would not have made such mistake had he been better informed and had more experience on the subject of real estate contracts, but, nevertheless, so far as the evidence in this case shows the receipt, in its actual form, was just what the parties then intended it should be. Plaintiff, who drew up this receipt, and defendant, who signed the same, both could not help but know, that at the time of its execution and delivery, it did not contain the full terms of the oral contract. At the time this instrument was executed, both parties were in full possession of the knowledge that the receipt did not contain all the terms of the oral contract of sale. The plain import of plaintiff's testimony is that had he been more experienced in that line of business he would not have made the

business mistake of leaving the terms of the agreement out of the receipt. Equity does not furnish relief for such mistakes. Where an instrument is executed according to the intention and understanding of the parties, at the time of execution, and with full knowledge of the facts, such knowledge and execution will operate to defeat an action to reform, in that it negatives mutual mistake. It is not what the parties would have intended, if they had known better, but what did they intend at the time, informed as they were. 34 Cyc. 947; Andrus v. Blazzard, 23 Utah, 233, 63 Pac. 888, 54 L. R. A. 354. The proposition that lies at the foundation of all suits to reform is that the court cannot make such a contract as it thinks the parties ought to have made, or would have made, if better informed, but merely makes it what the parties intended, at the time of its execution, it should be. St. Anthony Power Co. v. Merriam, 35 Minn. 42, 27 N. W. 199. 'In a bill to reform a contract an allegation that, "It was never conceived by either of the parties that it was necessary to reduce all of said contract to writing in order to make the same binding between the parties thereto," negatives any theory of accidental omission, and does not present a cause for equitable relief. Clark v. Hart, 57 Ala. 390. Stodolka v. Novotny, 144 Ill. 125, 33 N. E. 534; Roundy v. Kent, 75 Iowa, 662, 37 N. W. 146; Andrew v. Spurr, 8 Allen (Mass.) 412; Wise v. Brooks, 69 Miss. 891, 13 South. 836; Grieve v. Grieve, 15 Wyo. 358, 89 Pac. 569, 9 L. R. A. (N. S.) 1211. The receipt for purchase price, under an oral agreement to sell land, which was known at the time of execution not to contain the full terms of the oral agreement, cannot be reformed; it must appear that both parties intended at the time the instrument was drawn, to have the alleged omissions inserted. Henderson v. Stokes, 42 N. J. Eq. 586, 8 Atl. 718. This last case cited, in principle, is precisely the same as the case at bar.

If these parties had attempted to make a written contract of sale, and had omitted some of the terms thereof, then the case might present a different aspect; but, the evidence does not show that they intended to make any written instrument other than a receipt for the payment of money. There is no evidence that

either party, at the time this receipt was drawn, intended that the same should be a written contract of sale embodying the terms and conditions thereof. Under the evidence in this case, upon no theory would appellant be entitled to the relief sought.

Finding no error in the record the judgment of the trial court is affirmed.