HENNESSY, RESPONDENT, *v.* HOLMES ET AL., APPELLANTS.

(No. 3,129.)

(Submitted May 1, 1912. Decided June 28, 1912.)

[125 Pac. 132.]

*Breach of Warranty—Mistake—Deeds—Failure to Read Before
. Signing—Effect.*

Written Instruments—Failure to Read Before Signing—Effect.
    1. Failing to read carefully a written instrument before uttering the
    same is neglect of a legal duty, from the consequences of which the
    person guilty of such negligence cannot have relief.
Same—Neglect of Legal Duty—Relief.
    2. *Held,* under the rule declared in paragraph 1 above, that defendant
    who directed an attorney to draft a quitclaim deed to certain property
    and who, without reading the instrument, though able to read, signed
    it, was not entitled to relief in an action for damages for a breach of
    warranty contained in the instrument, which proved to be not a quit-
    claim but a warranty deed.

*Appeal from District Court, Silver Bow County; Jeremiah J. Lynch, Judge.*

ACTION by Patrick J. Hennessy against Levi E. Holmes and another. From a judgment for plaintiff and an order denying a new trial, defendants appeal. Affirmed, MR. JUSTICE SMITH dissenting.

*Messrs. Jesse B. Roote* and *James E. Murray,* for Appellants, submitted a brief; *Mr. Roote* argued the cause orally.

Under sections 5029 and 7873, Revised Codes, when a suit is brought on a contract, the defendant may set up any imperfection or mistake in reducing the contract to writing, and introduce oral evidence showing the real agreement, and when any error has occurred the court will disregard the erroneous part and give effect to the real intention of the parties. (*Lassing* v. *James,* 107 Cal. 348, 40 Pac. 534; Kerr's Cyc. Civ. Code, secs. 1640, 1856.) Even though the mistake of the attorney in inserting the warranty clause was due to the error or mistake of the defendant, nevertheless the defendant has a right to interpose the defense and have the erroneous clause in the deed disregarded. (Pomeroy's Equity Jurisprudence, 3d ed., sec. 868.) This is not a case of reformation of an agreement by reason of the mutual mistake of the parties, but is a case where there is no mistake or misunderstanding between the parties whatever, but in preparing the deed by reason of some accident or mistake there was inserted in the deed a warranty clause. No matter how the mistake occurred, it may be corrected in a court of equity. (*Ferrell* v. *Ferrell,* 53 W. Va. 515, 44 S. E. 189; *Dennis* v. *N. P. Ry.,* 20 Wash. 320, 55 Pac. 210; *Born* v. *Schrenkeisen,* 110 N. Y. 55, 17 N. E. 339; *Pitcher* v. *Hennessy,* 48 N. Y. 424; *Marks* v. *Taylor,* 23 Utah, 897, 63 Pac. 897; *Kilmer* v. *Smith,* 77 N. Y. 226, 33 Am. Rep. 613; 15 Am. & Eng. Ency. of Law, 673; 20 Id. 823.) .

Independent of statute, it is the universal rule that equity will "make the legal effect of the instrument correspond to the express intention of the parties as disclosed in the negotiations."

(*Stelpflug* v. *Wolfe,* 127 Iowa, 192, 102 N. W. 1130; *Story* v. *Gammell,* 68 Neb, 709, 94 N. W. 982; *Jones* v. *Price* (Iowa), ·86 N. W. 219; *Waterman* v. *Dutton et al.,* 6 Wis. 265.)   Mistake of the scrivener in preparing the deed may be relieved against in equity.   (*Kelley* v. *Ward* (Tex. Civ. App.), 58 S. W. 207; *Nowlin* v. *Pyne,* 47 Iowa, 293.)   The failure of the defendants to read the deed carefully is not a bar to relief.   (*American Min. Co.* v. *Basin Co.,* 39 Mont. 476, 24 L. R. A.; n. s., 305, 104 Pac. 525; *Albany* v. *Burdick,* 87 N. Y. 40; *Andrews* v. *Gillespie,* 47 N. Y. 487; *San Antonio* v. *McLan,* 96 Tex. 48, 70 S. W. 201; *Moore* v. *Copp,* 119 Cal. 429, 51 Pac. 630.)   In such a case as this, defendants need not apply for a revision or reformation, but may, under section 5029, Revised Codes, set up the facts in their answer and erroneous part of the deed will be discharged. (*Lassing* v. *James, supra;* Pomeroy's Equity Jurisprudence, 3d ed., sec. 868.)   Under the provisions of the Code the contract really agreed upon is regarded as the only contract between the parties, and this is to be interpreted according to their real intentions as shown by the evidence of the parties.   (*Gardner* v. *California Investment Co.,* 137 Cal. 71, 69 Pac. 844.)

The contract of sale rested entirely in parol, and the deed has nothing whatever to do with it except to carry it out. (*Davis* v. *Hopkins,* 18 Colo. 153, 32 Pac. 70; *Hahn* v. *Dolittle,* 18 Wis. 196, 86 Am. Dec. 757; *Green* v. *Batson,* 71 Wis. 54, 5 Am. St. Rep. 194, 36 N. W. 849.)   In signing a deed prepared by attorneys under instructions the defendants were guilty of no neglect.

*Messrs. Maury, Templeman & Davies,* for Respondent, submitted a brief; *Mr. Templeman* argued the cause orally.

The alleged affirmative defense is insufficient in law upon the face thereof because it consists merely of an appeal for judicial aid against the admitted sloth, indifference and neglect on the part of the defendants in the matter of uttering a warranty for a quitclaim deed, approximately occasioned by their failure to read carefully before uttering.   The defense is a mistake of fact and not of law.   It does not aver that the defendants did not

know what they were doing when uttering the deed, but is to the effect that they did not take the trouble to learn what they were doing from a reading of the deed. The theory of the defense is that such a mistake is a mistake, and that the courts always stand ready to grant the requisite relief upon such proven fact alone. However, such a mistake of fact as befell the defendants is not a mistake at all for the happening of which our courts will grant relief, for that our courts are forbidden to call it a mistake by the express terms of section 4983, Revised Codes, to-wit: "Mistake of fact is a mistake not caused by the neglect of a legal duty on the part of the person making the mistake." There can scarcely be any question that failure to read carefully a written instrument before uttering the same is a neglect of a legal duty, and that, whether viewed from the standpoint of the grantor or the grantee or from the standpoint of the welfare of the state. We are urging the proposition that once a neglect of legal duty is confessed by the defendants, as here, it is incumbent upon the defendants in a pleading to escape the consequences to avoid, as it were, their confessed neglect by some suitable plea condoning the neglect; otherwise the pleading as a whole must be regarded as insufficient in law. By way of illustration, we suggest that the instant defense presents a question as if in a personal injury case the plaintiff discloses his own contributory negligence upon the face of his complaint and fails to plead the necessary facts to negative the presumption of negligence on his part. Such complaint states no cause of action. (*Lynes* v. *Northern Pac. Ry. Co.*, 43 Mont. 317, Ann. Cas. 1912C, 424, 117 Pac. 81.) By their plea, the defendants rely simply upon their confessed neglect for relief, a relief forbidden by the statute, thus leaving for the chancellor nothing to do save and except to enforce the penalty declared, namely, no redress. (See 1 Daniel on Negotiable Instruments, sec. 849; 1 Page on Contracts, par. 76; 20 Am. & Eng. Ency. of Law, 2d ed., 831.) Cases are rather numerous upon the point without being based upon any statute. The harshness incident to enforcing the penalty is of course not material. (See *Grieve* v. *Grieve,* 15 Wyo. 358, 11 Ann. Cas. 1162, 9 L. R. A., n. s., 1211, 89 Pac. 569;

*American Min. Co.* v. *Basin Min. Co.,* 39 Mont. 476, 24 L R. A., n. s., 305, 104 Pac. 525; *Hawkins* v. *Hawkins,* 50 Cal. 558; *Metropolitan Loan Assn.* v. *Esche,* 75 Cal. 513, 17 Pac. 675; *Kimmell* v. *Skelly,* 130 Cal. 555, 62 Pac. 1067; *Snelgrove* v. *Earl,* 17 Utah, 321, 53 Pac. 1017; *Farlow* v. *Chambers,* 21 S. D. 128, 110 N. W. 94; *Reed* v. *Coughran,* 21 S. D. 257, 111 N. W. 559; *Sisk* v. *Caswell,* 14 Cal. App. 377, 112 Pac. 185.)

HON. W. R. C. STEWART, Judge of the Ninth Judicial District, sitting in place of MR. JUSTICE HOLLOWAY, disqualified, delivered the opinion of the court.

This is an action to recover damages for an alleged breach of warranty contained in a deed made January 25, 1900, by Levi E. Holmes and wife to Andrew Laden, who was the grantor of the plaintiff and respondent herein. Prior to the making of the deed, Holmes and Laden negotiated for the sale and transfer of the title Holmes had in the property described in the deed. The findings of the court below are to the effect that it was understood and agreed between them that a quitclaim deed should be given and received, and that Holmes employed an attorney and in the presence of Laden directed the attorney to draft a quitclaim deed; that, instead of drafting a quitclaim deed, the attorney drafted a warranty deed, and the same was later signed and executed by Holmes and his wife under the belief that it was a quitclaim deed, without their having read it or having it read to them, although they had ample opportunity to do so; and that, if Holmes and wife had read the said deed before signing and delivering it, they could and would have discovered that it was not a quitclaim deed, such as they intended to give, but a warranty deed. The conclusions of law are to the effect that Holmes and wife, in failing to read said deed or make any inquiry concerning its contents before signing or delivering it, were guilty of neglect of a legal duty, are not entitled to any relief in a court of equity, and that judgment be entered for Hennessy, Laden's grantee, according to the prayer of the complaint. A judgment was entered in favor of plaintiff. Defendants have appealed

from the judgment and an order denying their motion for a new trial. The only question submitted by them for decision is whether the court reached the proper conclusion upon the facts found.

Section 4983 of the Revised Codes provides that a "mistake of fact is a mistake not caused by the neglect of a legal duty on the part of the person making the mistake." This provision of section 4983 is certainly not ambiguous. Its tenor is that a mistake of fact may not be availed of by the one making the mistake, if the mistake be occasioned by the neglect of a legal duty. There can scarcely be any question that failing to read carefully a written instrument before uttering the same is a neglect of a legal duty.

California has an identical section with our section 4983. It is section 1577 of the California Civil Code. The supreme court of California had the phrase of this section under consideration in the case of *Moore* v. *Copp*, 119 Cal. 429, 51 Pac. 630. In that case an inexperienced old lady signed, without reading, supposedly an option for a lease, which turned out to be an agreement to sell. The court in its opinion said: "It does not appear that appellant made any statements to her, at the time the contract was signed, to mislead her; and but for the circumstances shown, and the fact of her age, her physical infirmities, and inexperience in business, we should find some difficulty in bringing the case within section 1577, Civil Code, defining mistake of fact, from which relief will be given only when 'not caused by the neglect of a legal duty on the part of the person making the mistake.' Ordinarily, it would be the legal duty of a person about to sign a conveyance of real property to read it, or have it read or explained, or have an assurance from some one upon whose statements he had a right to rely, that it was in accordance with the previous understanding of the party."

In 1 Daniel on Negotiable Instruments, section 849, it is said: "If a party who can read a deed put before him for execution, or if, being unable to read, will not demand to have it read and explained to him, he is guilty of supine negligence, which, I take

it, is not the subject of protection, either in equity or in law, and ordinarily, in the absence of any device to put the party off his guard, an omission to read the instrument, by one having the capacity to do so, will render him liable and put him beyond the protection of the law, although he is assured he is signing a paper of a different kind from what it really is." (See, also, 2 Herman on Estoppel and Res Adjudicata, sec. 1004.)

In 13 Cyc., page 577, it is said: "A party cannot avoid a deed executed by him, on the ground that he signed the same in ignorance of its contents, where this is due to his own carelessness or negligence. And one who is illiterate and unable to read cannot avoid a deed on this ground, where he did not require that it be read to him."

In 1 Page on Contracts, section 76, it is said: "On the other hand, if he can read or is otherwise guilty of negligence in not informing himself as to the contents of the written contract, and signs or accepts it with full opportunity of informing himself as to its contents, he cannot avoid liability on the ground that he was mistaken as to its contents, in the absence of fraud or misrepresentation. The application of this rule is clearest where the party who signs the instrument is able to read, has an opportunity to read the instrument, and merely neglects to read. Thus where A signs a note containing a power of attorney to confess judgment, A being able to read, and there being no fraud or misrepresentation, he cannot have relief from a judgment thereon on the ground that he did not know that it contained a power of attorney." (See, also, 20 Am. & Eng. Ency. of Law, 2d ed., p. 831.)

In the case of *Grieve* v. *Grieve*, 15 Wyo. 358, 11 Ann. Cas. 1162, 9 L. R. A., n. s., 1211, 89 Pac. 569, a mistake was made in a written contract wherein it said that the plaintiff should have one-half of a certain ewe lamb increase; the negotiations and agreement between the parties having been that the complainant should have all the said increase. The complaining party prevailed with the trial court, but the appellate court tersely emphasized the trial court's error in this language: "The error of:

the court, we think, was in holding that the contract could be reformed on account of the mistake, notwithstanding the negligence of the defendants.'' The law of the *Grieve Case* seems to have been accepted by this court in *American Mining Co.* v. *Basin Min. Co.,* 39 Mont. 476, 24 L. R. A., n. s., 305, 104 Pac. 525, where our court said: ''In our opinion, the evidence in this case is clear, satisfactory, and convincing that the deeds as written did not contain the agreement actually entered into by the parties; that there was a mistake as to a material fact; that the mistake was mutual; and that it did not occur by, or result from, the negligence of the plaintiff. These are prerequisite requirements to relief, as laid down by the supreme court of Wyoming in the case of *Grieve* v. *Grieve,* 15 Wyo. 358, 11 Ann. Cas. 1162, 9 L. R. A., n. s., 1211, 89 Pac. 569, and we think they are fully met by the plaintiff here.'' (See, also, *Hawkins* v. *Hawkins,* 50 Cal. 558; *Metropolitan Loan Assn.* v. *Esche,* 75 Cal. 513, 17 Pac. 675; *Kimmell* v. *Skelly,* 130 Cal. 555, 62 Pac. 1067; *Snelgrove* v. *Earl,* 17 Utah, 321, 53 Pac. 1017; *Farlow* v. *Chambers,* 21 S. D. 128, 110 N. W. 94; *Reed* v. *Coughran,* 21 S. D. 257, 111 N. W. 559; *Sisk* v. *Caswell,* 14 Cal. App. 377, 112 Pac. 185; *Vallentyne* v. *Immigration Land Co.,* 95 Minn. 195, 5 Ann. Cas. 212, 103 N. W. 1028.)

Counsel for appellants have cited sections 5029 and 7873 of our Revised Codes; but it is apparent that these sections must be read in connection with section 4983, quoted above. By reference to the latter section, it manifestly appears that freedom from neglect is the condition precedent to the right for redress from mistake. This is our interpretation of it, and this court has so held in the case of *American Min. Co.* v. *Basin Min. Co., supra.* The rule is well illustrated by an excerpt from the dissenting opinion in *Kelley* v. *Ward* (Tex. Civ. App.), 58 S. W. 207, where it is said: ''The rule is firmly established in this state that a written contract cannot be varied by parol without proof of fraud, accident, or mistake in reducing it to writing, and it is equally well settled that, if such mistake be due to the inexcusable neglect and inattention of one of the contracting parties, he is without remedy.''

The conclusion of the court was correct. The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY concurs.

MR. JUSTICE SMITH dissents.

Rehearing denied November 18, 1912.