WILLIAM P. GRAVES, Appellee, v. RUDY GREENFIEL et al.,
Appellants.

**REFORMATION OF INSTRUMENTS:** Absence of Fraud or Mistake.
A written contract will not be reformed when both parties thereto
signed the contract with full knowledge that the writing did not
contain a certain condition which the parties had agreed to in their
oral negotiations.

*Appeal from O'Brien District Court.*—C. C. BRADLEY, Judge.

OCTOBER 23, 1923.

ACTION at law to recover judgment on two promissory notes
executed by the defendants in part consideration of the pur-
chase of certain real estate evidenced by a written contract. On
their answer and motion cause was transferred to equity. De-
fendants admit the execution of the notes but pray reformation
of the written contract by reason of a mistake and oversight of
the scrivener in drafting the contract of sale. Decree entered in
favor of plaintiff. Defendants appeal.—*Affirmed.*

*Herrick & Herrick,* for appellants.

*T. E. Diamond,* for appellee.

DE GRAFF, J.—The legal propositions involved in the in-
stant case are quite elementary. There is little dispute between
the parties on the facts. The action was instituted by plaintiff
to recover judgment on two promissory notes admittedly exe-
cuted by the defendants. An equitable defense was interposed
by answer with a prayer for the reformation of a real estate
contract of sale which gave rise to the notes in suit. The record
discloses that on the 3d day of August, 1920, plaintiff entered
into a written contract with the defendants for the sale of a
certain parcel of real estate in Osceola County, Iowa, and in
part consideration thereof defendants executed two promissory
notes aggregating $8,000, and having defaulted in payment
plaintiff commenced action.

Defendants allege in answer that the contract of sale does not express the true intent of the parties when said contract was signed. It appears that at the time of the negotiation for the sale of the land some conversation was had respecting the interest of the defendant, Irene Greenfiel, as beneficiary in a certain estate, and as contended by defendants "it was agreed between the plaintiff and defendants, as a part of said contract of purchase, that, if the defendants should fail to secure their portion of the amount to be realized from the sale of the Aiken estate lands, in the partition proceedings pending in O'Brien County, Iowa, in time to make the payment upon said contract, that the contract was to be canceled, and the notes executed by the defendants and sued upon in this action were to be returned to the defendants and canceled." Prior to the execution of the contract of sale, the defendants inspected the land, concluded that the price was fair and satisfactory, and notified the plaintiff-vendor that they would purchase same, and requested that the contract be drawn by their counsel, Locke & Lampman, who were acting as attorneys for the Aiken estate. On the following day all of the parties went to the office of the attorneys aforesaid, and the defendants made inquiry whether the Aiken estate land had been sold. An affirmative answer having been given, the terms of the sale were recited and a contract in duplicate was drawn accordingly by Mr. Lampman. It was read over to them and without objections the contract was signed by all the parties. Apparently the only discussion in relation to the Aiken estate was between the defendants and the attorney whether the contract of sale of the estate land would "go through," and the attorney was of the opinion that it would by reason of the amount of the initial payment, and that it was not necessary to refer to this matter in the contract between the parties hereto.

The record discloses no fraud, and clearly the parties were dealing at arm's length. In the original conversation between the parties there was a contingency expressed that in order to consummate the purchase of the land in question it would be necessary for the defendants to effectuate the sale of the wife's interest in the Aiken estate, and the visit was made to the office of the attorney to learn if the sale had been made. There is no showing in the instant case that the alleged omission upon which

the prayer for reformation is predicated was omitted through fraud, inadvertence, or the mutual mistake of the contracting parties. The mistake, if any, is unilateral. The burden is on the defendants to establish by satisfactory evidence not only that the terms and conditions claimed by them were agreed upon, but that they were omitted from the completed contract through fraud, accident or mistake.

A court of equity will not reform a contract when all of the parties thereto acted with full knowledge of an omission before signing. It is only when stipulations which the parties intended to express have been omitted by mistake or through fraud. Both parties knew that the words were omitted, and under such circumstances there is no ground for reformatory relief. Equity respects the parol evidence rule and the statute of frauds. If this were not true, it would tend to introduce all the evils which these rules of evidence were designed to prevent. *Schultz v. Lidtka,* 179 Iowa 652; *Noble v. Trump,* 174 Iowa 320; *Conn v. Converse,* 164 Iowa 604; *Hughes v. Payne,* 27 S. D. 214 (130 N. W. 81); 2 Pomeroy Equity Jurisprudence (4th Ed.) Section 854; *Braun v. Wisconsin Rendering Co.,* 92 Wis. 245; *Clark v. Hart,* 57 Ala. 390; *Doniphan K. & S. R. Co. v. Missouri & N. A. R. Co.,* 104 Ark. 475 (149 S. W. 60).

The expression of legal principle in the foregoing cases controls the instant case and we deem it unnecessary to essay further on propositions so well established in equity jurisprudence. Wherefore the judgment and decree entered is—*Affirmed.*

PRESTON, C. J., WEAVER and STEVENS, JJ., concur.