CASE 41—PETITION ORDINARY—NOVEMBER 2.

# Powers v. Reynolds.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. TRANSFER OF SUITS BETWEEN COURTS OF JEFFERSON COUNTY.— Under the statute providing for the transfer of cases between the courts of Jefferson county, where the judge of the court in which the suit is brought can not properly preside, if a suit is instituted in the proper court and the transfer is made to another court without legal cause, the substantial rights of the party opposing the transfer are affected, and upon appeal from the judgment of the court to which the case was carried this court will not inquire whether the trial was properly conducted and determined in that court.

2. SAME—OBJECTION TO JURISDICTION.—Where, in such a case, objection to the transfer has been made in the court in which the action was instituted, it is not necessary to object to the jurisdiction of the court to which the case is carried, or to make a motion in that court to remand, it being the duty of that court to try the case; and upon appeal from its judgment the party objecting to the transfer may, in this court, avail himself of the exception reserved in the court in which the suit was brought.

3. SAME—INSUFFICIENT AFFIDAVIT.—The affidavit of the defendant that the vice-chancellor, before whom the action was pending, would not afford him a fair and impartial trial, was not sufficient

to authorize the transfer of the case to the Jefferson Court of Common Pleas. And as the plaintiff, who objected to the transfer, was denied a trial in the court in which she was entitled to have it, the judgment of the court to which the case was transferred must be reversed.

R. T. COLSTON AND MATT O'DOHERTY FOR APPELLANT.

1. The act of February 7, 1884, relating to the transfer of actions between the courts of Jefferson county, is unconstitutional.

2. Even if the act of 1884 is not unconstitutional, it was error in the court to sustain appellee's motion to transfer to the Jefferson Court of Common Pleas, because the affidavit did not state the facts showing grounds of belief, and because the motion was not made until after appellee appeared and pleaded to the merits of the action, and after the judge had ruled upon various matters of pleading in the preparation of the case for trial. (German Ins. Co. v. Landrum, MS. Op., March 28, 1889.)

C. B. SEYMOUR AND A. BARNETT FOR APPELLEE IN PETITION FOR REHEARING.

1. As appellant was afforded a fair and impartial trial, she was not prejudiced by the order of transfer, even if it was erroneous.

2. The failure to move to remand before filing a pleading or going through a trial waived any error committed by the transfer. (Deering v. Halbert, 2 Litt., 292; Shearer v. Clay, 1 Litt., 260; Owens v. Owens, Hard., 154; Baker v. Hopkins, 1 A. K. Mar., 587; Jones v Grugett, 1 Bibb, 448; Vinsen v. Lockard, 7 Bush, 459.)

3. The order of transfer was based on a finding of facts, and as no bill of exceptions shows the evidence on which it was granted, it must be adjudged proper.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

As this case must go back for another trial, it is not proper to discuss the merits of the controversy. When the case is again called for trial the appellant will have an opportunity, if it can be done, to have the record properly made out of the proceeding in the Tennessee court against the appellee. After the pleadings had progressed to an issue, a motion was made by the defendant (now appellee) to transfer the case from the vice-chancellor to the Jefferson Court of Common

Powers v. Reynolds.

Pleas.    This motion was made on an affidavit filed by the defendant with the clerk to the effect that *the vice*-chancellor would not afford him a fair and impartial trial.    The transfer was made over the objection of the appellant, and an exception reserved. When the discovery of this partiality or bias on the part of the vice-chancellor was made does not appear, but whether discovered before or after the pleadings were made up, is wholly immaterial.    The affidavit was fatally defective, and a trial denied the appellant by the court in which she was entitled to have it.

The judgment is, therefore, reversed for that reason, leaving all other questions raised undecided, and the case remanded for a new trial, and for proceedings consistent with this opinion.

To a petition for rehearing, filed by counsel for appellee, Judge Pryor delivered the following response of the court:

The argument embodied in the petition for rehearing is, that the appellant obtained a fair and an impartial trial in the court to which the case was transferred, and for that reason he is not prejudiced by the ruling of the court in which the transfer was originally made.

If it be a fact that the substantial rights of a party have not been affected because the trial was an impartial one, then it must follow that if an objection had been made in the court to which the case was remanded that the transfer was contrary to law, it could not have availed for the same reason.    We think, where the

case is instituted in the proper court, and a transfer
made to another court under this section of the statute,
without legal cause, over the objection of the party
opposing the transfer, that it does affect his substantial
rights, and this court will not inquire whether the trial
was properly conducted and determined in the court to
which the case was carried.    The only question is,
should the objection and exception in a case like this
be made in the court transferring the case or in the
court to which the case is sent?   The objection was
made where the suit was instituted, and a decision
adverse to the plaintiff (now appellant), and if the same
objection had been raised in the court trying the case,
and that court had held that the transfer was improper,
then the plaintiff would have had conflicting opinions
from two courts of equal dignity and jurisdiction, and
denied a trial by both, when the litigant was certainly
entitled to be heard in the one court or the other.
The objection had been made in the court where the
action was instituted, and became a part of the record
when transferred from the proper jurisdiction.    The
court trying the case, as well as the parties and counsel,
had notice of the objection, and it was not necessary to
make a motion to remand when it was the duty of the
court to try the case subject to the exception that had
already been taken to the proceeding.    That cases re-
lating to a change of venue, and heretofore decided,
bear some analogy to this class of cases is conceded;
but those were cases where the parties applying for a
change of venue had failed to file the record within the
time required by the statute in the court to which the
transfer was made, or for causes *that did not arise* or

exist in the court from which the transfer was made, and, therefore, the necessity of making a motion to remand.

There can be no doubt, as a general rule, where a trial has been had by a court having jurisdiction of the subject-matter, the parties appearing in the conduct of the trial, and making no objection, that it is too late to raise the question after verdict, or in this court for the first time. In this case, however, the appellant is brought into court against his consent upon an affidavit that has been adjudged to be sufficient by one judge, and to require the judge presiding in the court in which the trial was had to pass on the same facts would produce a legal battle-door between the two upon an issue that, when decided, would not be final, and leave the appellant in court without the power to compel either tribunal to hear his case. In the case of Vinsen v. Lockard, &c., 7 Bush, 458, no objection was made to the transfer from the Lawrence court to the Greenup circuit, and this court held that as no objection was made in the latter court to the venue it was too late to make the question in this court.

This statute being considered is one peculiar in its character, and should be so construed with reference to its practical effect as will insure to parties litigant a trial in the one venue or the other. The judge may, for personal reasons not disclosed, decline to try the case, and a change to some other tribunal made necessary, and in such a case it is not proper for the court trying the case to inquire into the reasons influencing the judge to decline presiding at the trial. When,

however, the record shows by an order spread upon the order-book, or by a bill of exceptions, that the judge leaves the bench because of an affidavit making objections to his presiding, the affidavit being clearly defective, it is error when exceptions are reserved to transfer the case; and to prevent conflicting opinions arising on purely legal questions that are not final between courts of similar jurisdiction, the court to which the case is transferred should try the case, and exceptions being reserved at the time the transfer is made, the error will follow the record to this court.

Any other construction of this provision of the statute would, in effect, nullify it, and often result in denying a trial, leaving the parties without a remedy. While interlocutory orders and rulings may ordinarily be disregarded at any time during trial in this character of case, the ruling should be regarded as made by the same court, and, therefore, the exceptions being reserved in the court where the action was instituted, the error will be available in this court.

Petition overruled.