CASE 86—RESCISSION—NOVEMBER 15.

# Sibley v. Holcomb.

### APPEAL FROM LETCHER CIRCUIT COURT.

RESCISSION—FRAUD—CLERK AS AGENT OF GRANTEE.—Where the deputy county clerk, acting as agent for acquiring titles for the vendee of timber, fraudulently assured an illiterate grantor that the deed he was signing was a quitclaim and not a general warranty, the chancellor properly treated the deed as a quitclaim as to such grantor, it appearing that he received no part of the consideration.

THOMAS H. HINES FOR APPELLANT.

John Holcomb can not escape liability on his warranty unless Sibley or his authorized agent fraudulently misrepresented the contents of the deed; and not then if Holcomb was grossly negligent in not acquainting himself with the provisions of the deed. The deputy county clerk, Fairchild, was not Sibley's agent. Borden v. Richmond & Danville Ry. Co., 113 N. C., 570; 37 Am. St. R., 632; Albrecht v. M. & S. Ry Co., 87 Wis., 105; 41 Am. St. R., 30.

HOLT & HOLT FOR APPELLEE.

Fairchild was Sibley's agent and his misrepresentations were Sibley's.

TYREE & ADAMS, ALSO FOR APPELLEE.

The general warranty deed, having been procured by fraud, is not the act and deed of John Holcomb. Wolfe v. Pugh, 101 Ind., 293; Lynch v. Mercantile Trust Co., 18 Fed. Rep., 486; Law v. Grant, 37 Wis., 548; Bennett v. Judson, 21 N. Y., 238; Elwell v. Chamberlain, 31 N. Y., 611, 619; Rhoda v. Annis, 75 Me., 17; Jewett v. Carter, 132 Mass., 335; Locke v. Stearns, 1 Met. (Mass.), 560; Kibbe v. Hamilton Ins. Co., 11 Gray (Mass.), 163.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The Holcombs—O. G., H. C. and John—claimed to be the owners of some two hundred acres of land in Letcher county under a survey made, it appears, subsequently to other surveys and patents to Altemus and others. Whilst so claiming the land, O. G. and H. C. Holcomb sold to Sibley, a number of trees standing thereon, and executed to him a deed of general warranty therefor. Sibley paid the purchase price to O. G. Holcomb, and it does not appear that John Holcomb had any connection with the transaction or got any benefit therefrom. When approached by Fairchild, the deputy clerk, to obtain his acknowledgment of the deed, he declined to sign it on the ground that he had no confidence in the title obtained under the Holcomb survey, and had no interest in the transaction. He was assured by Fairchild that it was only a quitclaim timber deed, and passed no interest nor affected him in any way, unless he did have some interest under the survey. He could not read or write, and signed the instrument, with his wife, upon the assurances of Fairchild. It turned out to be a deed of general warranty, and, when sued by Sibley on the warranty, he pleaded that the deed had been obtained by the false representations of Fairchild, who in this matter was acting for Sibley. The proof conduces to show that one Kroll was the general agent of Sibley in the purchase of land and timber in Letcher county, but that, in some cases, deeds and checks were delivered to Fairchild, who was to obtain the acknowledgment to the deed, and then deliver the checks to the parties entitled thereto. In the present instance he was intrusted with the check for the purchase price of the timber, which was payable to O. G. Holcomb, and was to deliver it to him after obtaining the acknowl-

edgment of all the Holcombs. In all this, save taking the acknowledgments, he was clearly not acting in his official capacity, but acting for Sibley; and it is fairly inferable from the proof that Fairchild's instructions were to obtain deeds of general warranty from the Holcombs before delivering the check, and it is not unlikely his pay for this extra work depended on getting such a deed. At any rate, John Holcomb was induced to sign it solely on the misstatements of Fairchild, acting for Sibley, in procuring the deed, and, as he received nothing, he is not liable on the alleged warranty.

But aside from the question of Fairchild's agency, the instrument was not in fact the deed of appellee, in the form it is in, and was property held by the chancellor to be only a quitclaim. In Pollock's Principles of Contracts, p. 401, this principle is thus illustrated: A layman who was unlettered had a deed tendered to him which he was told was a release for arrears of rent only. The deed was not read to him. To this he said, "If it be no otherwise, I am content," and so delivered the deed. It was in fact a general release of all claims. It was adjudged that the instrument was not his deed. The effect is that if an illiterate man have a deed falsely read over or falsely represented to him, and he then signs and delivers it, it is nevertheless not his deed.

Judgment affirmed.