KUMMROW, APPELLANT, *v.* BANK OF FERGUS COUNTY, RESPONDENT.

(No. 4,118)

(Submitted February 25, 1920. Decided March 15, 1920.)

[188 Pac. 649.]

*Fraud—Real  Property—Deeds—Reconveyance—Pleading  and  Practice—Complaint—Sufficiency—Inferences.*

Fraud—Real Property—Reconveyance—Complaint—Curing Defect by Answer.

1. In a suit for a reconveyance of land on the ground of fraud, failure of the complaint to allege that the persons making the fraudulent representations were acting for defendants (corporations) was cured by an allegation in the answer in effect asserting that the transaction was had in connection with the purchase.

Same—Failure to Read Instrument—Complaint—Sufficiency.

2.   Where a woman, unable to read or write the English language, who charged in her complaint that on making final proof on a desert land entry she was induced by the United States commissioner before whom proof was made, and a member of a firm (subsequently formed into a corporation), that it was necessary for her to sign, and she did sign, a water right location notice in order to acquire title to the lands, whereas the writing was a warranty deed, her failure to have the paper read and explained to her by some disinterested person did not bar her from seeking the relief demanded, and dismissal of the action was error.

Same—Complaint—Sufficiency—Inferences.

3.   *Held,* that the complaint, though not a model of pleading, was sufficient under the rule that whatever is necessarily implied in, or reasonably to be inferred from, an allegation, is to be taken as directly averred.

Same—Grantee Liable to Grantor for Conveyance to Third Person After Demand for Reconveyance.

4.   Where a deed alleged to have been fraudulently secured from the owner was made to a bank as security for a debt owing to it from the purchaser, and the seller upon learning of the fraud demanded a reconveyance from the bank, which, instead of doing so, conveyed to the purchaser, it did so at its peril and could not escape liability on the ground that concededly no fraud was practiced by it on the seller in the original transaction.

*Appeal from District Court, Fergus County; Roy E. Ayers, Judge.*

SUIT by Maria Kummrow against the Bank of Fergus County and Dengel Bros. From the judgment dismissing the action and an order denying her motion for a new trial, plaintiff appeals. Reversed.

*Mr. E. K. Cheadle,* for Appellant, submitted a brief and argued the cause orally.

*Mr. O. W. Belden,* for Respondent, Bank of Fergus County, submitted a brief and argued the cause orally.

MR. JUSTICE HURLY delivered the opinion of the court.

This is an action in which the Bank of Fergus County was named originally as the sole defendant. Later, by stipulation of parties, Dengel Bros., a corporation, was brought in as defendant, and the complaint was amended to include facts arising subsequently to the filing of the original complaint. The com-

plaint alleges the making of a final proof by plaintiff upon a desert land entry embracing a half section of land in Fergus county on April 21, 1913; that the plaintiff is of German descent and wholly unable to read or write the English language and was informed by Gottlieb Dengel and one R. W. Blake, the United States commissioner before whom the final proof was made, that it was necessary for her to sign a water right location notice in order to acquire title to the lands; that she then signed the paper, which they then requested her to sign; that she has since been informed and believes that this paper, instead of being a water right location notice, was a warranty deed in favor of the defendant bank for said land, and that, by reason of the false and fraudulent statements of said Dengel and said commissioner, she was induced, in ignorance of the contents thereof, to sign said deed believing it to be a water right location notice; that no consideration has been paid her for the execution of said deed; that she first learned of the existence of said deed on the fifteenth day of September, 1915, and immediately obtained legal advice as to the proper steps to recover the lands described in said conveyance; that, prior to the commencement of this action, she demanded of the bank that it reconvey to her the lands, but it refused and still refuses so to do; that she has been obliged to incur liability for necessary expenses in attempting to recover said land in the sum of $600.

She further alleges on information and belief that some time during the year 1916, and since the commencement of this action, the defendant bank executed its quitclaim deed for the premises to Dengel Bros., a corporation, and that the latter has placed a mortgage thereon. She also alleges the value of the land to be $9,600. The action is brought to recover the said amount of $600 and for a reconveyance of the premises or, in the event a reconveyance may not be had, for the value of the land with interest. To this complaint a demurrer was interposed by the bank and by consent overruled by the court.

The defendants answered separately. The answer of the bank denies on information and belief the allegations of fraud, admits

the demand and refusal,. and that, since the commencement of the action, it has quitclaimed the land to Dengel Bros., and otherwise generally denies the allegations of the complaint. For a further defense the bank alleges that Dengel Bros. caused the land to be conveyed to it as security for certain indebtedness then owing by them to the bank, and that the lands were held by the bank as security for said indebtedness, upon the payment of which it released its said mortgage by executing its acquittance in the form of a quitclaim deed as alleged in the plaintiff's complaint and that since said date the bank has not had and does not now have any interest in said land, and also alleges that it had no dealings whatsoever with the plaintiff.

The defendant Dengel Bros. (a corporation) denies all allegations of fraud, and alleges affirmatively, among other things, that on or about the twenty-first day of April, 1913, and after the plaintiff had made final proof upon the lands, Gottlieb, Joseph and Frank Dengel were copartners under the firm name and style of Dengel Bros., and as such copartners purchased from the plaintiff the lands described in the complaint, paying therefor a full, fair and adequate price; that said copartners were then indebted to the Bank of Fergus County for moneys previously borrowed, and, in order to save encumbering the record, it was agreed between the bank and the partnership that said Dengel Bros. would cause the title to be passed to the bank directly from the seller, to be by it held as security for such indebtedness until such time as such indebtedness had been paid, whereupon the said lands were to be reconveyed to the said Dengel Bros., and that, in pursuance of said understanding and agreement at the time of the payment of the purchase price to plaintiff for said lands, the said Dengel Bros., copartners, requested the plaintiff to convey the lands directly to the bank, and that the plaintiff consented to the same and then and there made, executed and delivered the warranty deed referred to in the complaint to the bank; that later the Dengel Bros., copartners, formed a corporation under the name of Dengel Bros., which corporation succeeded to all the property, claims, interests

and obligations of the said copartners; that during the month of October, 1916, said copartnership fully paid all indebtedness then owing to the defendant bank, whereupon the defendant bank conveyed and quitclaimed the lands described in the complaint to the Dengel Bros., corporation, which ever since has been and now is the owner in fee simple of the lands.

The plaintiff replied to the answer of Dengel Bros., denying the material allegations of said answer, and denying also that said Dengel Bros. purchased from her the lands mentioned and described. There was also reply to the answer of the bank.

The complaint does not state that Blake or Dengel acted for [1] either the bank or the copartnership,—in fact, is silent upon the subject. But the defendant Dengel Bros. has by its answer alleged a purchase of the land from plaintiff, in effect asserting that the transaction was in connection therewith, thereby aiding the allegations of the complaint, which might possibly be otherwise defective in this respect.

Respondents contend that the plaintiff is not in position to [2] assert that the instrument signed by her was other than a deed, for the reason that she failed to read the same, and was negligent in affixing her signature thereto without having the same read and explained to her by some disinterested person, and that, as to the statements alleged to have been made by Blake and Dengel, there is no showing of any relations of confidence and trust between her and them authorizing her to rely thereon. *Hennessy* v. *Holmes,* 46 Mont. 89, 125 Pac. 132, is cited in support of the position so assumed, but in so doing counsel seem to overlook the later case of *Parchen* v. *Chessman,* 49 Mont. 326, Ann. Cas. 1916A, 681, 142 Pac. 631, 146 Pac. 469, wherein this court, speaking through Mr. Chief Justice Brantly, said: "The case of *Hennessy* v. *Holmes,* 46 Mont. 89, 125 Pac. 132, has been understood to declare the rule that a failure by one of the parties to read a contract before signing it, when he has had full opportunity to acquaint himself with its contents, and there has been no fraud or misrepresentation by the other party, is such negligence as will preclude relief, without

regard to the attendant circumstances. So understood, the decision unduly restricts the scope of the rule, though it is fully sustained by the authorities cited. In so far as it conflicts with the views herein expressed, it is to be deemed overruled. As stated before, the term 'mistake' carries with it the idea of fault in him to whom the mistake is imputed. The allegation of mutual mistake imputes negligence to both parties, and this mutuality is the basis of the rule of relief on the ground of mistake. To apply the rule in all its rigidity as it is understood to be declared by the *Holmes Case* would preclude relief in any case, even though the mistake is mutual, and the circumstances are such as to excuse the negligence of the complaining party.''

The following excerpt from *Senter* v. *Senter*, 70 Cal. 623, 11 Pac. 782, is appropriate to the conditions in this case: ''The substance of a long line of authorities * * * is to be found at page 484 of volume 3 of Kent's Commentaries, where he says: 'The common law affords to everyone reasonable protection against fraud in dealing, but it does not go to the romantic length of giving indemnity against the consequences of indolence and folly, or of careless indifference to the ordinary and accessible means of information.' This doctrine is entirely compatible with that class of cases in which a party is held liable for having by false and fraudulent representations as to material facts prevented the opposite party from seeking the information which he did not possess, and which but for such representations he might have obtained. When the execution of an instrument, which the party signing did not intend to sign and did not know he was signing, is procured by a misrepresentation of its contents, and the party signing it does so without reading or having it read, relying upon such misrepresentations and fraud and believing he is signing a different instrument, he can avoid the effect of his signature notwithstanding he was able to read and had an opportunity to read the instrument.'' (*Tillis & O'Neal* v. *Austin*, 117 Ala. 263, 22 South. 975; see, also, *Prestwood* v. *Carlton*, 162 Ala. 327, 50 South. 254; *McGinn* v. *Tobey*, 62 Mich. 252, 4 Am. St. Rep. 848, 28 N. W. 818; *Sibley* v. *Holcomb*, 104

Ky. 670, 47 S. W. 765; *Kemery* v. *Zeigler*, 176 Ind. 660, 96 N. E. 950; *Togni* v. *Taminelli*, 11 Cal. App. 7, 103 Pac. 899.)

Here one of the parties was the United States commissioner, assisting plaintiff in making her final proof who is alleged to have made a portion of the representations, by reason of which she asserts she was deceived. Certainly those intrusted with the duty of assisting public land claimants in perfecting title to such land occupy relations of trust and confidence toward entrymen who by law transact business relating to their offices.

While not a model of pleading, we think that the complaint [3] contains sufficient allegations to sustain the charges of fraud, under the rule recognized by this court in *Buhler* v. *Loftus*, 53 Mont. 546, 165 Pac. 601.

Plaintiff concedes that no fraud was practiced upon her by [4] the bank in the original transaction, and appellant bank asserts therefore that no cause of action is stated as to it. Under the facts disclosed by the pleadings, the bank never acquired the fee title to the land; it being merely a mortgagee or trustee to the amount of the debt owing by Dengel Bros., and its only obligation upon payment of such indebtedness was to execute an acquittance or satisfaction as to the security held. The only method open to the bank in executing such acquittance was by a reconveyance to the party owning the fee. The deed to the bank ran from Mrs. Kummrow, not from Dengel Bros. It is admitted that Mrs. Kummrow, before the commencement of the action, made demand for a reconveyance from the bank to her, and also brought this action to obtain such reconveyance, upon the bank's refusal to convey to her, and that thereafter the bank conveyed the land to Dengel Bros., a corporation, the successor in interest of all properties of Dengel Bros., a copartnership. With two rival claimants the bank may have found it difficult to correctly decide as to which claimant was entitled to the reconveyance, but, having recognized the claim of Dengel Bros. with notice of plaintiff's claim, it made its election at its peril.

The only question in the appeal involves the sufficiency of the pleadings, and by no expression herein does this court in-

tend to convey the meaning that any party has been actually guilty of fraud.

The judgment and order appealed from are reversed.

*Reversed.*

Mr. Chief Justice Brantly and Associate Justices Hollo-way, Matthews and Cooper concur.