WOODWARD ET AL., APPELLANTS, *v.* MELTON ET AL.,
RESPONDENTS.

(No. 4,227.)

(Submitted November 18, 1920.   Decided December 6, 1920.)

[194 Pac. 154.]

*Tort—Change of Venue—Joinder of Causes of Action—Effect
on Right to Change — Pleadings — Liberal Construction —
Inferences.*

Tort—Change of Venue—Joinder of Causes of Action—Effect on Right
to Change.
1.   Where the complaint in an action in tort set-forth two causes
of action, one of which was properly triable in the county in
which it was commenced, defendants' right to a change of venue
as to the other was not abridged by plaintiffs' joining the two.

Same—When Venue cannot be Changed.
2.   If an action in tort was properly brought in the county in
which it was committed, the venue cannot be changed, over plain-
tiff's objection, upon the ground of defendant's residence in an
adjoining county where he was served with summons.

Pleadings—Liberal Construction—Inferences.
3.   It is the policy of the Practice Act that the most liberal rules
of construction shall be applied to pleadings in civil actions;
hence whatever is necessarily implied in, or reasonably to be in-
ferred from, an allegation, is to be taken as directly averred.

Same—Complaint—Sufficiency—Inferences.
4.   *Held*, under the above rule (paragraph 3), that the complaint
alleging that plaintiffs were engaged in business in M. county,
breeding, raising, *etc.*, sheep, "and for that purpose and to that
end" had leased certain lands, describing them by government
subdivisions, all in a certain township and range, and that defend-
ants wrongfully grazed their sheep affected with contagious and
infectious disease, on and over "the said lands of plaintiffs," *etc.*,
was sufficient to show that the lands were in M. county and that
the wrong was committed therein.

*Appeal from District Court, Beaverhead County; William
A. Clark, Judge.*

ACTION by John Woodward and others against George M.
Melton and another.   Judgment for defendants, and plain-
tiffs appeal.   Reversed and remanded.

*Mr. M. M. Duncan,* for Appellants, submitted a brief and
argued the cause orally.

*Messrs. Rodgers & Gilbert* and *Mr. Geo. M. Melton,* for
Respondents, submitted a brief.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This appeal from a final judgment in favor of defendants presents for determination the question of the correctness of the trial court's ruling in granting a change of venue from Madison county, where the action was commenced, to Beaverhead county, where defendants reside, and where they were served with summons.

The complaint sets forth two causes of action, each for [1] damages occasioned by the alleged tortious acts of the defendants. The first cause of action is not involved upon this appeal, as it is conceded that the wrong there complained of was committed in Madison county. If, however, defendants were entitled to a change of venue as to the second cause of action, their right thereto could not be abridged by plaintiffs joining the two causes of action. (*Yore* v. *Murphy,* 10 Mont. 304, 25 Pac. 1039; *Bond* v. *Hurd,* 31 Mont. 314, 3 Ann. Cas. 566, 78 Pac. 579; *State ex rel. Stephens* v. *District Court,* 43 Mont. 571, Ann. Cas. 1912C, 343, 118 Pac. 268.)

If the tort of which complaint is made in the second cause [2] of action was also committed in Madison county, then the action was properly brought in that county, and the venue could not be changed (over plaintiffs' objection) upon the ground that the defendants reside in Beaverhead county and were served with summons there. (*State ex rel. Interstate Lumber Co.* v. *District Court,* 54 Mont. 602, 172 Pac. 1030; *Denver etc. R. Co.* v. *Cahill,* 8 Colo. App. 158, 45 Pac. 285.)

In the second cause of action it is alleged that ever since [3, 4] a long time prior to December 1, 1915, plaintiffs have been engaged in the sheep business in Madison county, Montana, breeding, raising, growing, buying and selling sheep, "and for that purpose and to that end" they had under lease from the Northern Pacific Railway Company, 1,680 acres of land—particularly describing it by government subdivisions— all in township 5 south, range 5 west. It is then alleged that during the fall of 1915 and the winter following, defendants wrongfully herded and grazed their sheep, which were affected

with a dangerous, contagious and infectious disease, on and over "the said lands of plaintiffs," and "then and there" wrongfully and maliciously mixed said diseased sheep with plaintiffs sheep, by reason whereof plaintiffs' sheep became infected, *etc.*

Does it appear from these allegations that the wrong was committed in Madison county? We are asked to take judicial notice of the fact that there is but one principal meridian in Montana from which government surveys are made, and that all of township 5 south, range 5 west, is in Madison county. We might comply with this request, if it were necessary to do so (*State ex rel. Arthurs* v. *Board,* 44 Mont. 51, 118 Pac. 804), but in our opinion the necessity does not arise in this instance.

It is the policy of our Practice Act that the most liberal rules of construction should be applied to pleadings in civil actions. Indeed, the rule is now established in this jurisdiction that "Whatever is necessarily implied in, or is reasonably to be inferred from, an allegation, is to be taken as directly averred." (*Buhler* v. *Loftus,* 53 Mont. 546, 165 Pac. 601; *Kummrow* v. *Bank,* 57 Mont. 390, 188 Pac. 649.)

Respondents contend that it cannot be determined from the description—township 5 south, range 5 west—in what county, or even in what state, the lands are situated, and that might be true if the description stood alone, but it does not. From the allegation above that plaintiffs leased the lands in township 5 south, range 5 west, for the purpose of conducting their business in Madison county, the only fair inference deducible is that the lands described are in Madison county. In other words, we think it is not a strained construction of the language to say that plaintiffs allege, in effect, that they leased the lands in township 5 south, range 5 west, in Madison county, for the purpose of conducting their business.

It may be conceded that the pleading is not a model of perspicuity, but, construed liberally, we think it is apparent therefrom where the tort was committed. It follows that the court erred to the prejudice of plaintiffs in transferring the cause for trial to Beaverhead county. (*State ex rel. Inter-*

*state Lumber Co.* v. *District Court,* above; *Powers* v. *Reynolds,* 89 Ky. 259, 12 S. W. 298, 553.)

The judgment is reversed and the cause is remanded to the district court, with directions to retransfer the cause to Madison county for trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HURLY, MATTHEWS and COOPER concur.