KUMMROW, APPELLANT, *v.* BANK OF FERGUS COUNTY ET AL., RESPONDENTS.

(No. 5,057.)

(Submitted March 6, 1923.   Decided March 15, 1923.)

[214 Pac. 1098.]

*Equity — Fraud — Cancellation of Instruments — Findings — When Conclusive.*

Equity—Findings—When Conclusive.
1. Where on appeal in an equity case the record does not show a decided preponderance in the evidence against the findings of the trial court, or the evidence furnishes reasonable grounds for different conclusions, the findings will not be disturbed.

Same—Fraud—Cancellation of Instruments—Findings—Conclusiveness.
2. In an action to compel the reconveyance of land on the ground of fraud practiced upon plaintiff by defendant in inducing her to sign a deed whereas she was under the impression she was signing a water right location notice, *held*, under the above rule, that the evidence did not preponderate against the findings of the trial court in favor of defendant.

*Appeal from District Court, Fergus County; Roy E. Ayers, Judge.*

ACTION by Maria Kummrow against the Bank of Fergus County and Dengel Brothers, a corporation. From a judgment for defendants, plaintiff appeals. Affirmed.

*Mr. E. K. Cheadle,* for Appellant, submitted a brief, and argued the cause orally.

*Messrs. Belden & De Kalb,* for Respondents, submitted a brief; *Mr. H. Leonard De Kalb* argued the cause orally.

HONORABLE THEODORE LENTZ, District Judge, sitting in place of MR. CHIEF JUSTICE CALLAWAY, disqualified, delivered the opinion of the court.

On April 21, 1913, plaintiff executed two water right location notices and made her final proof on a desert land entry before one R. W. Blake, United States Commissioner at Grass Range, Fergus county, in the presence of Fred K. Kummrow, her husband, Gottlieb Dengel, her uncle, and Mrs. Gabriel Dengel. At the same time and place plaintiff signed a deed purporting to convey title to said lands to defendant bank. In this action plaintiff demands that defendants be required to execute to her a reconveyance of said lands, alleging that by the artifice, fraud and deception of said Gottlieb Dengel and said R. W. Blake, she was induced to sign the said deed in ignorance of what she was really doing, while being led to believe that she was executing a water right location notice. The issues are set out at length in the opinion of Mr. Associate Justice Hurly, upon a former appeal of this case, 57 Mont. 390, 188 Pac. 649.

The evidence is in sharp conflict and no useful purpose would be served in reviewing it at length. Plaintiff testified that at the time of making her final proof Blake placed before her a number of papers stating that they were notices of water right locations and final proof papers; that she started to read them when he told her to go ahead and sign them,

"there is nothing in there to hurt you"; that with such assurance and believing she was signing only the papers mentioned by him, she signed them in total ignorance that she was executing a deed; that she did not learn that she had executed a deed until more than two years later when she received a notice from the land office that the patent had issued; that when she called at the land office for the patent she found it had been turned over to the bank and on investigation learned that a deed from her to the bank had been recorded. She admitted that she owed Dengel Brothers for land office fees paid out by them, and for fencing, plowing and conducting water on the land in question, in compliance with the requirements of the federal government, but testified that sometime prior to making final proof she had a settlement with them and that she and her husband then gave them their note for $750, which had never been returned. She admitted receiving $200 on the day of final proof but asserted that it was merely an additional loan from Dengel Brothers. The plaintiff's testimony is corroborated in all substantial particulars by that of her husband, Fred K. Kummrow.

Blake testified that on the occasion in question he first made out and had plaintiff sign the notices of water right and final proof papers, then handed her the deed, and before she signed it explained to her that it was a deed to the land running to the Bank of Fergus County. Gottlieb Dengel fully corroborated Blake's statements and testified further that at the time of the settlement with plaintiff it was found that she owed Dengel Brothers over $1,200; that plaintiff and her husband gave them their note for that amount; that before the day of making final proof plaintiff had agreed to deed the land to Dengel Brothers for the amount she owed them, and an additional $200; that this $200 was paid to her on the day the deed was executed, and that the $1,200 note was returned a few days later; that the deed was made in favor of the bank as collateral security for a loan to Dengel Brothers.

Witnesses for plaintiff valued the land at $20 per acre, while one of defendants' witnesses testified that it was worth not more than a dollar an acre.

Answering fourteen special interrogatories the jury found in substance that on the occasion in question, plaintiff was not wholly unable to read, write or understand the English language, but that she did not have sufficient understanding of the language to know the nature of the paper she executed; that before she signed it Blake explained to her that she was executing a deed to her desert entry to defendant bank; that Blake practiced no fraud on plaintiff and made no false or fraudulent representations to induce her to sign the deed; that plaintiff at the time of signing it did not believe it was final proof papers or water right location; and did not execute it in ignorance of the fact it was a warranty deed conveying said lands to defendant bank; that the lands in question were worth $15 per acre and that plaintiff received a consideration for conveying them to defendant bank and that at the time of executing the deed she received $200 upon the purchase price. The trial court rejected the finding that the lands were worth $15 per acre and that plaintiff did not have sufficient knowledge of the English language to know the nature of the paper she was signing and found generally in favor of the defendants.

The only point urged upon this appeal is that the findings [1, 2] and judgment are not supported by the evidence. Since the enactment of section 8805, Revised Codes of 1921, this court by a uniform line of decisions has observed the rule that on appeal in equity cases the findings of the trial court will not be set aside unless there is a decided preponderance in the evidence against them; and, when the evidence as it appears in the record, fully considered, furnishes reasonable grounds for different conclusions, the findings will not be disturbed, for the reason that the trial judge and jury have the superior advantage of hearing the testimony and observing the

appearance and demeanor of the witnesses on the stand. (*Bosanatz* v. *Ostronich,* 57 Mont. 197, 187 Pac. 1009.)

After a careful consideration of the printed record before us we are unable to find that there is a clear preponderance in the evidence against the findings of the trial court. There is nothing in the printed record to indicate to this court that any of the testimony produced on the part of either plaintiff or defendant should be disregarded as inherently improbable or unworthy of belief. There is competent and material testimony in the record which if believed by the trial court and jury will amply sustain each and all of the findings.

The judgment is therefore affirmed.

*Affirmed.*

ASSOCIATE JUSTICES COOPER, HOLLOWAY, GALEN and STARK concur.

Rehearing denied May 8, 1923.