GIEBLER, APPELLANT, *v.* GIEBLER, RESPONDENT.

(No. 5,394.)

(Submitted January 7, 1924. Decided January 11, 1924.)

[222 Pac. 436.]

*Divorce — Separation. Agreement — Offer of Reconciliation — Refusal — Desertion — Equity—Findings—Disregard of Uncontroverted Evidence—Reversal of Decree.*

Divorce—Separation—Refusal of Offer of Reconciliation—Desertion.

1. Under section 5743, Revised Codes of 1921, consent to a separation between husband and wife is a revocable act, and where thereafter one of the parties in good faith seeks a reconciliation and restoration, refusal by the other is desertion.

Same—Reconciliation—Offer must be Made Without Improper Conditions.

2. While an offer of reconciliation, in order to be classed as one made in good faith, must be free from improper° qualifications and conditions, one made by the husband coupled with the condition that the wife give up her attachment for one of her roomers may not be said to have been burdened with an improper condition.

Same—Effect of Separation Agreement on Marital Status.

3. A separation agreement does not change the legal status of husband and wife; they are still such, subject to certain duties and obligations which the law imposes upon the parties.

Same—Reconciliation—When Refusal Desertion.

4. Where husband and wife were living apart under a separation agreement, an offer of reconciliation made by the husband was not open to the charge that it was not made in good faith in the absence of a showing that at the time it was made he had secured and furnished a home for himself and wife, the statute not im-

———————

2. Effort of one spouse to induce other to return home as condition of desertion by latter, see note in 39 **L. R. A.** (n. s.) 1118.

posing such burden, and section 5745, Revised Codes of 1921, providing that it is the privilege of the husband to choose any reasonable place of abode or mode of living, and if the wife does not conform thereto it is desertion.

Appeal and Error—Equity—Findings not Sustained by Evidence—Reversal of Decree.

5. In an equity case or one tried to the court without a jury, its decision or finding has the same effect as the verdict of a jury, and if contrary to or not sustained by the evidence, will be set aside.

Divorce—Disregard by Court of Uncontradicted Evidence—Reversal of Decree.

6. The trial court may not disregard uncontroverted credible evidence, and where it did so in an action for divorce by the husband and there was not anything in the record to suggest that he or his witnesses were unworthy of belief, the judgment in favor of defendant will be reversed with directions to enter a decree in favor of plaintiff.

*Appeal from District Court, Missoula County; Asa L. Duncan, Judge.*

ACTION by Fred Giebler against Emma Giebler. From the judgment dismissing complaint, plaintiff appeals. Reversed and remanded, with directions to render judgment for plaintiff.

Cause submitted on briefs of Counsel.

*Mr. Harry H. Parsons,* for Appellant.

An agreement to live separate and apart does not supersede or render inoperative other duties and obligations imposed by law upon husband and wife. They are still husband and wife and bound to observe all the other domestic duties resting upon them as husband and wife. (*Clark* v. *Fosdick,* 118 N. Y. 7, 16 Am. St. Rep. 733, 6 L. R. A. 132, 22 N. E. 111; *Archbell* v. *Archbell,* 158 N. C. 408, Ann. Cas. 1913D, 261, 74 S. E. 327; *Canning* v. *Canning,* 88 Vt. 522, 89 Atl. 259; *Fosdick* v. *Fosdick,* 15 R. I. 130, 23 Atl. 140; *Devine* v. *Devine,* 89 N. J. Eq. 51, 104 Atl. 370; *Bailey* v. *Bailey,* 127 N. C. 474, 37 S. E. 502; *Clark* v. *Clark,* 143 Mo. App. 350, 128 S. W. 218.)

Respondent never offered to return at any time. Even had she offered to do so after the period of one year, her statutory offense being completed, appellant was under no obligation or duty to accept her; his refusal would be perfectly justified. (*Walker* v. *Walker,* 14 Cal. App. 487, 112 Pac. 479.)

Respondent's desertion began at the very moment she refused his *bona fide* offer to become reconciled and to restore herself to the status of his wife. Desertion's period started when she flatly refused to come back and live with him "as a wife should." One year after that date he was entitled to a divorce. (*Howard* v. *Howard*, 134 Cal. 346, 66 Pac. 367; *Borden* v. *Borden,* 166 Cal. 469, 137 Pac. 27; *Bordeaux* v. *Bordeaux,* 43 Mont. 102, 115 Pac. 25.) Speaking of the effect of an offer in good faith made by one spouse seeking a restoration, Chief Justice Brantly said in the case last cited: "When this shall have been done by one party, and the other rejects the overtures thus made, the latter is guilty of desertion (*Howard* v. *Howard, supra*)." The statute says: "Such refusal is desertion."

*Mr. J. H. Duffy,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was instituted by plaintiff to secure a divorce. The complaint contains two counts. In the first, relief is sought on the ground of desertion, and in the second upon the ground of extreme cruelty. The answer consists of general denials and allegations constituting recrimination. All new matters in the answer were put in issue by a reply. Upon the trial plaintiff introduced evidence in support of the allegations of his complaint, and rested. Defendant declined to offer any evidence and the cause was thereupon submitted to the court for its decision. The court rendered and had entered a judgment dismissing the complaint, and from that judgment plaintiff appeals.

For present purposes we may accept the construction of section 5738, Revised Codes of 1921, for which counsel for defendant contends, and dismiss the second count of the complaint from further consideration. The question then remains: Did plaintiff make out a case of willful desertion on the part of the defendant?

From the record it appears that in June, 1919, plaintiff and defendant entered into a separation agreement the terms of which are not material here. It is sufficient to say that thereafter they lived separate and apart. In his complaint plaintiff alleges that after the separation agreement had been entered into he repeatedly, in good faith, sought a reconciliation with the defendant, but that defendant refused his offers and declined to resume the marital relation. The evidence introduced by plaintiff sustains these allegations, and since it was not controverted, and there is not anything in the record to cast suspicion upon the veracity of plaintiff or any of his witnesses, we are unable to account for the trial court's decision unless an erroneous theory of the law was adopted.

Whatever may be one's personal opinion as to the propriety [1] of granting a divorce upon any ground, the statutes of this state authorize divorces, and willful desertion is constituted a ground for divorce. (Sec. 5736, Rev. Codes 1921.) Section 5743 declares: "Consent to a separation is a revocable act, and if one of the parties afterwards, in good faith, seeks a reconciliation and restoration, but the other refuses it, such refusal is desertion." (See *Bordeaux* v. *Bordeaux*, 43 Mont. 102, 115 Pac. 25.)

It is insisted by counsel for defendant that plaintiff's offers [2] of reconciliation were not unqualified, and therefore defendant was at liberty to refuse them and such refusal did not constitute desertion; but counsel errs in his premise. It may be conceded at once that an offer of reconciliation, coupled with conditions impossible of performance or which could not properly be performed, is not an offer in good faith within the meaning of the statute above. But under like provisions the authorities do not go further than to say that the offer

must be free from *improper* qualifications and conditions. (19 C. J., p. 66, sec. 124.)

It appears that during the summer and fall of 1919 plaintiff made three offers of reconciliation; that each of the last two was unqualified and that the only qualification or condition attached to the first offer was that defendant give up her attachment for one Monoco. Monoco was an Italian employed by the Northern Pacific Railway Company, who roomed in defendant's house. He and defendant frequently went together to shows and dances and when about the rooming-house Monoco was often alone with the defendant in her private apartment during late hours of the night and early hours of the morning. When defendant was sick plaintiff offered to wait upon her, but his offers were declined; Monoco, however, was permitted to perform and did perform the services of a nurse, even going to the extent of assisting the defendant in preparing and administering enemas and douches. In conversation with other persons defendant referred to Monoco in endearing terms, in striking contrast to the vile, vulgar, profane and otherwise unprintable epithets which she applied to the plaintiff.

Counsel for defendant overlooks the fact that, although [3] plaintiff and defendant were living apart under a separation agreement, they were still husband and wife, and that relationship imposed upon defendant every duty and obligation which the law attaches to the wife. It is true the discharge of these duties and obligations was suspended by the terms of the separation agreement, but that agreement could not change the legal status of the parties. (*Clark* v. *Fosdick,* 118 N. Y. 7, 16 Am. St. Rep. 733, 6 L. R. A. 132, 22 N. E. 111; 2 Schouler on Marriage, Divorce, Separation and Domestic Relations, sec. 1304.)

Under these circumstances it cannot be said that by his request that defendant give up her attachment for Monoco plaintiff burdened his offers of reconciliation with any improper qualifications or conditions.

The ingenious argument is presented on behalf of defendant that her refusal of the offers of reconciliation were justified because of the character and conduct of plaintiff, and this argument is predicated upon the assumption that, since defendant out of court called her husband by unprintable names, and accused him of having a loathsome venereal disease, there was therefore evidence which tended to prove that the declarations were true. For example, defendant in a fit of anger called plaintiff a dog—*ergo,* he is a dog. The bare statement of the proposition is a sufficient demonstration of its absurdity.

Again, it is argued that plaintiff's own testimony demonstrates that his offers of reconciliation were not made in good faith, in that he admitted on cross-examination that at the time each offer was made he had not secured and furnished a home for himself and defendant. Counsel does not cite any authority to support his contention that this was a necessary prerequisite to the good faith of his offers, and we undertake to say that none can be found. The statute does not impose any such burden. It is true the husband must support himself and his wife out of his property or by his labor if he is able to do so. (Sec. 5784, Rev. Codes 1921.) But section 5745 provides: "The husband may choose any reasonable place or mode of living, and if the wife does not conform thereto, it is desertion." The record discloses that the plaintiff had ample means to support himself and his wife according to her circumstances and station in life. His willingness to discharge that duty is evidenced by the fact that at the time the separation agreement was entered into he gave her $5,500 in cash and a considerable amount of other property, and that afterward he gave her $4,500 in cash, which he was not under any obligation whatever to do.

Finally, it is argued that the trial court determined in favor of the defendant the issue raised upon the question of desertion, and that this court ought not to disturb the finding. This being a suit in equity, the rule obtains that the decision of the trial court will not be disturbed unless the evidence preponderates against it. (*Kummrow* v. *Bank of*

*Fergus County,* 66 Mont. 434, 214 Pac. 1098.) But what is to be said of a case of this character where the uncontradicted evidence establishes the plaintiff's cause of action, and where the record is barren of any suggestion that plaintiff or any of his witnesses is unworthy of belief, but, notwithstanding these facts, the trial court finds against the plaintiff? Where, as in this instance, a cause is tried to the court, its decision or finding has the same effect as the verdict of a jury, and, when contrary to or not sustained by the evidence, will be set aside. (20 R. C. L., p. 280, sec. 62.) The rule that the trial court may not disregard uncontroverted credible evidence is fundamental. (*Haddox* v. *Northern Pac. Ry. Co.,* 43 Mont. 8, 113 Pac. 1119.) This court has not hesitated to set aside findings contrary to the preponderance of the evidence, and this we deem to be the duty imposed by our Bill of Rights (Sec. 6, Art. III, Const.). Section 8805, Revised Codes of 1921, provides: "In equity cases, and in matters and proceedings of an equitable nature, the supreme court shall review all questions of fact arising upon the evidence presented in the record, whether the same be presented by specifications of particulars in which the evidence is alleged to be insufficient or not, and determine the same, as well as questions of law, unless, for good cause, a new trial or the taking of further evidence in the court below be ordered." Speaking of that statute we said: "This court has power, and it is its duty, so far as it may, exercising a due regard for the findings of the district court, based, as they are, upon the testimony of witnesses delivered *ore tenus* in the presence of the court, to reach its own conclusions, and to declare upon the rights involved accordingly. Owing to the advantageous position of the trial court, due to the conditions just adverted to, this court will naturally hesitate to overturn findings based upon substantially conflicting evidence which would justify an inference in favor of either side of the controversy; but where the conflict is trifling or unsubstantial, or where the evidence preponderates decidedly against the finding, this court may, looking to

the nature of the evidence, proceed to examine it, and make up its own conclusion." (*Bordeaux* v. *Bordeaux*, 32 Mont. 159, 80 Pac. 6.)

No useful purpose could be served by remanding this cause for a new trial. The evidence is all before us; it is uncontradicted and it sustains the allegations of the first count of plaintiff's complaint. The judgment is reversed and the cause is remanded, with directions to the district court to render and have entered a judgment granting the plaintiff an absolute divorce on the ground of defendant's willful desertion.

*Reversed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN and STARK concur.