HOSKING, RESPONDENT, v. HOSKING, APPELLANT.

No. 8714

Submitted October 1, 1947. Decided November 13, 1947.

186 Pac. (2d) 503

438

[REDACTED]

Mr. Edmond G. Toomey, Mr. Charles N. Wagner, and Messrs. Toomey, McFarland & Wagner, all of Helena, for appellant.

Mr. Sherman W. Smith and Mr. Lloyd J. Skedd, both of Helena, for respondent.

MR. JUSTICE METCALF delivered the opinion of the Court.

This is an appeal from a judgment granting a divorce to William Hosking, the respondent herein. The record shows the plaintiff, William Hosking, and the defendant, Ethel Mae Hosking, were married September 13, 1901, at Butte, Montana. Three sons were born to them, one of whom died a few days after birth, and two others who grew to manhood and are still living.

For twenty years the plaintiff and defendant lived together as man and wife and maintained a home in Butte, Montana. Then in 1921 the plaintiff was appointed assistant state accountant for the state of Montana. The duties of that office were such that he was required to travel about the state inspecting and examining the state institutions and the remainder of his working time was spent at his headquarters in the state

Capitol at Helena. The defendant continued to live in the matrimonial domicile at Butte, where she cared for and educated her two sons. In 1923 the plaintiff was appointed state accountant, a position which he held until July 1, 1945, where his duties were similar to those when he was assistant state accountant except that he spent more of his time at his headquarters in Helena. On July 1, 1945, the plaintiff resigned his position as state accountant and shortly thereafter opened an office for the private practice of accountancy at Missoula, Montana.

During the entire period the plaintiff was employed by the state of Montana he sent from $135 to $140 per month to his wife for her support and the support of their two sons and the maintenance of the home in Butte. The last such payment was made in June, 1945, shortly before the plaintiff's resignation as state accountant. On September 17, 1945, the plaintiff instituted an action for divorce. The complaint, in its entirety, is as follows:

"Comes now the plaintiff and for cause of action against the defendant, complains and alleges as follows:

"I. That plaintiff and defendant were intermarried at Butte, Montana on September 13, 1901 and ever since said time have been, and now are, husband and wife; that of this union there were born two male children both of whom are now adults.

"II. That for more than one year last past and immediately preceding the commencement of this action, plaintiff has been and now is a bona fide resident of the State of Montana.

"III. That the defendant has failed and breached the marriage vows entered into with the plaintiff herein in the following manner, to-wit: That the defendant has wilfully and intentionally deserted this plaintiff, and continues to desert said plaintiff, and that said desertion by the defendant was in no way actuated by the plaintiff or his conduct, and that said desertion has continued for a period of more than one year and continues at the present time.

"Wherefore, plaintiff prays for judgment and decree:

"1. Dissolving the bonds of matrimony now and heretofore existing between plaintiff and defendant."

Counsel for the defendant moved to strike paragraph III on the grounds that (1) it was a conclusion of law, and (2) that it was sham and frivolous in the absence of averment of ultimate facts.

This motion was denied. The defendant then interposed a general demurrer which was overruled. After answer and reply the cause was tried and findings of fact and conclusions of law were made and a judgment granting the plaintiff a divorce was entered.

At the beginning of the trial the defendant objected to the admission and introduction of testimony on the ground that the complaint failed to state a cause of action. The defendant thus has challenged the sufficiency of the complaint to state a cause of action for divorce on the grounds of desertion at every state of the proceedings.

In the recent case of Crenshaw v. Crenshaw, 120 Mont. 190, 182 Pac. (2d) 477, this court declared, "The defendant in an action for divorce is entitled to demur to the complaint and to have the judgment of the court, whether the facts charged in the complaint constitute offenses in law, before he can be compelled to proceed to trial on these facts so alleged." (Page 205 of Montana Reporter and 485 of Pacific Reporter). The court therein extensively discussed the essential pleading requirements to relieve one spouse from the bonds of matrimony on account of desertion of the other. We there reiterated the familiar rules that a defendant in a divorce action, as in any other action, was entitled to be informed with reasonable certainty and detail of the nature of the charge and that section 9129, Revised Codes of Montana 1935, required that the facts constituting the cause of action be pleaded rather than mere conclusions of the pleader. There must be allegations of such facts that the pleader expects to prove that will enable the adverse party to prepare his evidence to meet the alleged facts. State ex rel. King v. Smith, 98 Mont. 171, 38 Pac. (2d) 274.

The complaint charging desertion must be sufficiently informative as to matters of time and place of desertion as to reasonably inform the defendant of the charge. 1 Nelson on Divorce and Separation, (2d) Ed., p. 158; 17 Am. Jur., Divorce and Separation, sec. 306; Keezer Marriage and Divorce, 3d Ed., sec. 799, Willful desertion is defined by section 5739 as the "voluntary separation of one of the married parties from the other with the intent to desert." Here are two elements which must be affirmatively stated, namely, the cessation of cohabitation and the intent to desert. Section 5749 creates a third element—the desertion must continue for one year.

The plaintiff is entitled to have his complaint tested under ██ ██ the rule laid down by section 9164, Revised Codes, providing for a liberal construction of pleading with a view to substantial justice between the parties. But granting the indulgence of every reasonable inference to support the cause of action, the plaintiff's complaint does not state facts to establish all these elements with sufficient certainty. There is no showing as to the date when the act of separation occurred or when the intent to desert was formed. The defendant cannot be required to prepare evidence to meet a charge of desertion that may have occurred at any time in the 44 years of marriage.

The complaint fails to state a cause of action for divorce on the grounds of desertion and fails to apprise the defendant of facts relied upon to enable her to prepare a defense and was therefore insufficient as against a motion to strike (Raiche v. Morrison, 37 Mont. 244, 246, 95 Pac. 1061) or general demurrer. Wells-Dickey Co. v. Embody, 82 Mont. 150, 157, 266 Pac. 869; Johnson v. Johnson, 92 Mont. 512, 516, 15 Pac. (2d) 842.

The trial court erred in denying defendant's motion to strike and in overruling defendant's general demurrer. The cause is remanded to the district court with direction to vacate the judgment and to enter an order sustaining defendant's motion to strike and for such further proceedings as may be necessary.

Inasmuch as the case is being returned for further proceedings

and a possible new trial under amended pleadings, it is unnecessary to pass upon certain specifications of error relating to the sufficiency of the evidence. The inevitable result of such a vague and indefinite complaint is vague and uncertain proof. It is to be hoped that when the issues are narrowed by proper pleadings, the proof on both sides will be more definite and certain.

Mr. Chief Justice Adair, and Associate Justices Choate and Gibson concur.

Mr. Justice Angstman (concurring in part and dissenting in part).

I agree that the complaint was and is insufficient as a basis for a decree on the ground of willful desertion for failure to allege the time when the desertion took place and that the court erred in overruling the demurrer and motion to strike. By thus agreeing with the majority on this issue, I am not to be understood as subscribing to the rule announced in the case of Crenshaw v. Crenshaw, Mont., 182 Pac. (2d) 477. In that case no objection was made to the sufficiency of the pleading as here.

I think, however, that no useful purpose would be subserved in remanding the case for a new trial and to that extent I disagree with the majority.

The evidence does not show willful desertion on the part of defendant and affirmatively shows there was no willful desertion on her part in that plaintiff admitted that he had not established or offered to establish a suitable residence in Helena. Nor did he prove that had he done so she would have refused to move to Helena and there live with him. These are essential elements upon which to base a charge of willful desertion by the wife. Compare Vosburg v. Vosburg, 136 Cal. 195, 68 Pac. 694; Bibb v. Bibb, 39 Cal. App. 406, 179 Pac. 214; Alves v. Alves, 126 Cal. App. 260, 14 Pac. (2d) 578.

The case of Giebler v. Giebler, 69 Mont. 347, 222 Pac. 436, relied upon by plaintiff is not applicable here. In that case there had been a separation agreement which suspended the

duties and obligations of the spouses toward each other and the question there involved was whether the husband could make a bona fide offer of reconciliation without first securing and furnishing a home for himself and his wife. The court held that a good faith offer of reconciliation could be made without first providing a home. In the case before us there had been no breach or suspension of the marital duties and obligations. The parties were, for convenience of the children who were attending school in Butte and because of the uncertain tenure of plaintiff's employment in Helena, living separate and apart by agreement. Plaintiff was sending support money to defendant regularly each month for herself and children. There was involved no element of reconciliation.

The only question here involved is, Can it be said that defendant willfully deserted plaintiff without a showing that she refused to live in a suitable home, provided by him or which he in good faith offered to provide for them, in Helena? I think the evidence here fails to show willful desertion on the part of defendant.

Since it affirmatively appears from the record that plaintiff cannot make out a case of willful desertion on the part of defendant, I think plaintiff's action should be ordered dismissed.